NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAC TRUONG, | : |
| Plaintiff, | : Docket No. 05-mc-0036 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| DAVID M. LEVY, *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon plaintiff Mac Truong's ("Plaintiff") motion for reconsideration of the Court's December 21, 2005 Order denying Plaintiff's motion to discipline and/or preclude under Local Civil Rule 101.1(c) defendant Daniel M. Levy, Esq., and defendant Levy & Boonshoft, PC (collectively referred to as "Defendants"). The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

**I. BACKGROUND**

At the time of the filing of the motion, Plaintiff was engaged in a proceeding before the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), and as a plaintiff in five different adversary proceedings before the Bankruptcy Court. On November 17, 2005, Plaintiff filed a motion to discipline and/or preclude under Local Civil Rule 101.1(c) Defendants for alleged improper actions in proceedings before this Court and the Bankruptcy

Court.

This Court, by Order dated December 21, 2005, denied Plaintiff's motion due to Plaintiff's failure to meet the requirements of Federal Rule of Civil Procedure 11 that "authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose," such as "to harass or to cause unnecessary delay or needless increase in the cost of litigation." Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995)(citing Landon v. Hunt, 938 F.2d 450, 452 (3d Cir. 1991)).  The Order further noted that Plaintiff has otherwise failed to demonstrate "allegations of misconduct which, if substantiated, would warrant discipline of an attorney," pursuant to Local Civil Rule 104.1(e)(2).

On or about December 26, 2005, Plaintiff filed the motion for reconsideration, alleging that Plaintiff's Reply certification to the initial motion was not considered by the Court because it was not listed on the docket report, nor was it specifically noted in the Order.

**II.  DISCUSSION**

The standard for reconsideration is high and reconsideration is to be granted only sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. Civ. R. 7.1(i).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood

---

[1] On February 24, 2005, Local Civil Rule 7.1(g), which previously governed motions for reargument, was repealed.  Now, Local Civil Rule 7.1(i) governs motions for reconsideration.  Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted).

     Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process.  Bowers, 130 F. Supp. 2d at 613 (citations omitted); see also Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(citation omitted).

     Plaintiff correctly alleges that his Reply certification, dated December 9, 2005, was filed with the Court on or about December 12, 2005.  It does not appear on the electronic docket because, as a *pro se* litigant, Plaintiff was granted an exception to the Court's electronic case filing requirement and apparently submitted the Reply certification directly to chambers, instead of through the Clerk's Office where it would be docketed.  Therefore, the Court issued the December 21, 2005 Order in full contemplation of all of the parties' submissions up to that point, which included Plaintiff's Reply certification.  Therefore, Plaintiff's sole basis for the motion for reconsideration is rendered moot and the motion is denied.  Plaintiff's submissions considered by

the Court but not appearing on the docket will be filed with the Clerk for proper notation on the docket.

Finally with regard to Plaintiff's Reply brief to the motion for reconsideration, "[r]eply and further briefs are not permitted without permission." See Allyn Z. Lite, New Jersey Federal Practice Rules 52 (2006 ed.); see also Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 n.2 (D.N.J. 2002)(stating that "Defendant's reply brief is an improper attempt to get a third bite of the proverbial apple."). Given that Plaintiff filed the Reply brief without first seeking permission from this Court, it shall be stricken from the record.

### III.  CONCLUSION

For the reasons discussed herein, Plaintiff's motion for reconsideration of the Court's December 21, 2005 Order is denied. Plaintiff's submissions received in chambers will be filed with the Clerk for recording on the docket to reflect an accurate history of the case.

Dated: February 6, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.